# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| **United States of America** | |
| v. | Case No. 21-mj-1116 |
| **MATTHEW BALD** | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of December 15, 2020, in the County of Niagara, in the Western District of New York, the defendant did knowingly possess material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor that had not attained 12 years old, and that has been transported using any means and facility of interstate and foreign commerce, including by computer, or that had been produced using materials that had been mailed, shipped, or transported in or affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United StatesCode, Sections 2252A(a)(5)(B) and 2252A(b)(2).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

JOHN A. KOSICH, JR.
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed telephonically.

Date: July 9, 2021

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO      )

I, **JOHN A. KOSICH, JR.**, being duly sworn, depose and state the following:

1. I am a Special Agent with the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), currently assigned to Buffalo, New York and have been so employed since January of 2007. As such, I am a law enforcement officer of the United States, within the meaning of Section 115(c)(1) of Title 18, United States Code, who is "authorized by law or by Government agency to engage in or supervise the prevention, detection, investigation or prosecution of any violation of Federal criminal law." Prior to my appointment as an HSI Special Agent I was employed as an Officer with United States Customs and Border Protection and as an Inspector with the former Immigration and Naturalization Service since June of 1998. As part of my duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the receipt and possession of child pornography, in violation of Title 18, U.S.C., Section 2252A(a)(5)(B). I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review multiple examples of child pornography (as defined in Title 18, U.S.C., § 2256) in various forms of media including computer media. I have also participated in the execution of numerous search warrants, a number of which involved child exploitation and/or child pornography offenses.

2. I make this affidavit in support of a criminal complaint charging **Matthew BALD** ("BALD") with violations of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography Involving a Prepubescent Minor).

3. The statements contained in this affidavit are based upon my investigation, information provided to me by other law enforcement personnel, and on my experience and training as a Special Agent of HSI. Because I offer this affidavit for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that BALD knowingly violated Title 18, United States Code, Sections 2252A(a)(5)(B) 2252A(b)(2).

## BACKGROUND OF THE INVESTIGATION

4. In November 2020, HSI received information from the New York State Police ("NYSP") concerning a Cyber Tipline report # 74010548 from the National Center for Missing and Exploited children ("NCMEC"). NCMEC is a national clearinghouse that collects information about missing and exploited children. NCMEC forwards all information, unedited, to law enforcement agencies for investigation pursuant to its congressional mandate to operate as a national clearinghouse. NCMEC disseminates the information it receives in the form of "Cybertipline Reports." NCMEC frequently receives this information from Internet service and/or Internet content providers, such as Facebook, Twitter, etc, who are mandated to report the discovery of images and/or videos containing sexual performances by children on their networks. The investigative lead generated from

NCMEC Cyber Tipline Report # 74010548 was submitted by Microsoft Online Operations BingImage ("BingImage"). The incident time and date listed on the report is June 20, 2020 at 07:15:43 UTC and the reported user of the BingImage Client appears to be located in Lockport, New York. Microsoft BingImage also reported they discovered an image with Filename: **a7f137b7-4f6c-9adc-cad5b88c737d.jpg** ("File 1") containing suspected sexual performance by a child, that was uploaded to their BingImage search application.

5. Microsoft stated that the computer that possessed and uploaded File 1 connected to the Microsoft computer network using Internet Protocol ("IP") address: 2604:6000:cd09:1a00:445b:99e1:1c55:8072 ("Target IP").

6. I know from my training and experience that ESPs and ISPs flag and report images or files that have the same "hash values" as images that have been reviewed and identified by NCMEC or by law enforcement as child pornography. A hash value is akin to a fingerprint for a digital file. The contents of a file are processed through a cryptographic algorithm, and a unique numerical value—the hash value—is produced that identifies the unique contents of the file. If the contents of a file are modified in any way, the hash value will change significantly. Even if only a single pixel in the image is modified (an alteration that would not likely be detected by the human eye), the hash value of the image will change. I know from my training and experience that the chances of two files with different content having the same hash value are infinitesimal.

7.      On or about July 24, 2020, International Crimes Against Children ("ICAC") Task Force law enforcement officers sent a DHS summons to Charter Communications, Inc. related to the Target IP address.

8.      On or about July 30, 2020 Charter Communications, Inc. reported that the Target IP address was assigned to Rachel MILLER; 27 Bacon Street, Lockport, NY during the date and time reported in the aforementioned NCMEC Cyber Tipline Report # 74010548.

9.      On or about November 16, 2020 NYSP Investigator Scott Kowalewski received NCMEC Cyber Tipline Report # 74010548, viewed File 1, and described the contents as follows: The image depicts two naked, prepubescent female children who appear to be under 12 years old.  The children are both naked sitting on the floor, playing with feather dusters, and one had her legs spread with her vagina exposed. The genitalia of the minor female are being displayed in a lascivious manner thereby meeting the federal definition of child pornography.

10.     On or about November 24, 2020 NYSP Investigator Kowalewski conducted a search of the New York Department of Motor Vehicles database.  The search disclosed that Rachel Miller (DOB:02/01/19XX) currently resides at 27 Bacon Street in Lockport, NY. On the same date, NYSP Investigator Kowalewski conducted surveillance at 27 Bacon Street in Lockport and discovered a vehicle parked in the driveway registered to Rachel Miller.

4

11. On or about November 24, 2020 NYSP Investigator Kowalewski spoke with Niagara County Probation Officer Ashley Kraska who confirmed that 27 Bacon Street in Lockport, NY is also the residence of BALD (DOB:11/08/1980) and that Miller is BALD's girlfriend. Officer Kraska also confirmed that BALD is a registered Level 2 Sex Offender.

12. Based on the previous information, NYSP Investigator Kowalewski applied for and was granted a New York State Search Warrant by the Honorable Matthew J. Murphy, Niagara County Judge, on December 10, 2020.

13. In November of 2020, I received information from the NY State Police that Matthew BALD is the subject of a NCMEC Cybertip Line Report and was previously arrested on 03/25/2011 for one count of Sexual Abuse in the First Degree—sexual contact with an individual less than 11 years old—in violation of NY State Penal Law Section 130.65. BALD was arraigned on the same date, convicted upon plea of guilty on November 16, 2011, was sentenced to 6 months' incarceration, 10 years' probation, and required to be registered as a sex offender.

## SEARCH WARRANT AND SUBSEQUENT INVESTIGATION

14. On December 15, 2020, the NYSP, Niagara County Probation, and HSI Special Agent Nicholas Spence executed the NY State Search Warrant at BALD's Residence, located at 27 Bacon Street in Lockport, NY. The warrant authorized the search and seizure of computer and electronics. During the execution of the search warrant, several items were located and seized, including a Dell Inspiron 15 Laptop computer, serial

5

#76T86F2 ("Laptop 002"), which contained a Toshiba SATA 1TB Hard Drive, Model MQ01ABD100, S/N 4758SMB5S ("Hard Drive"). Both Laptop 002 and the Hard Drive are labeled "Made in China." After the execution of the search warrant, the seized items, including Laptop 002, were transported to the NYSP Building in Lockport, NY for forensic analysis.

15. On or about April 27, 2021 NYSP Investigator Kowalewski contacted me and stated that it appeared numerous files on Laptop 002 contained what appeared to be child pornography.

16. On May 25, 2021 NYSP Computer Forensic Investigator Matthew Brewer issued a report detailing the computer forensic examination of electronic items seized from BALD. Investigator Brewer stated that Laptop 002 contained 61 images, one video, and eleven Graphics Interchange Format files ("GIFs"), which appear to contain child sexual exploitation.

17. On June 10, 2021, the NYSP turned over all of the electronic items seized from Matthew BLAD, including Laptop 002, to me. The NYSP also turned over two compact discs that contained the examination results from the computer forensic examination. One of the compact discs contain the forensic results of the Laptop 002 examination.

18. On June 24, 2021 I reviewed the compact disc containing the computer forensic examination report related to Laptop 002. I opened and reviewed a file named "**tumblr_pdxue2VHAC1u30lhj_540[1].jpg.**" The file is a picture depicting what appears to be a female toddler between the ages of 12 and 18 months old. The child is lying on her back with a blue shirt on and a pacifier in her mouth. She is completely naked from the waist down, and her legs are spread apart exposing her genitals. The camera is focused on the toddler's genitals. No other persons are in the photo.

19. I also reviewed a file named "**tumblr_pdxu9t39y21u30ihj_540[1].jpg.**" This file is a picture depicting what appears to be a pre-pubescent female, approximately 5-7 years old, lying on a bed with a white and green sheet. The child is completely naked and lying on her back. The child has her arms and ankles bound with duct tape above her head exposing her vagina, anus, and chest. The female has a white scarf bound around her head covering her mouth. Lying next to the child is a what appears to be a black leather strap, approximately one foot long and three inches wide, with a metal ring attached to the end. No other persons are in the photo.

20. I also reviewed a file named "**tumblr_pdyiomdew41u30lhj_540[1].jpg**." This file is a picture depicting what appears to be an infant female, approximately 6-10 months old, lying on a bed with a green shirt and naked from the waist down. The infant's legs are spread apart, exposing the vagina and anus. The camera is focused on the child's genitals. No other persons are in the photo.

**CONCLUSION**

21.   Based upon the forgoing, I respectfully submit that there is probable cause to believe **Matthew BALD** violated Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography Involving a Prepubescent Minor). Furthermore, I believe that BALD is currently unaware of the existence of this criminal complaint, affidavit, and resulting arrest warrant, and I believe that he would seek to evade arrest if made aware of these charges prior to his apprehension. As such, I respectfully request that the Court seal this complaint, affidavit, arrest warrant, and any related documents until further order of the Court.

JOHN A. KOSICH, JR.
Special Agent
Homeland Security Investigations

Sworn and subscribed telephonically

this 9th of July, 2021.

HON. JEREMIAH J. McCARTHY
United States Magistrate Judge